**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4839**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORY ANTONIO BATES FELTON, a/k/a Capone,

Defendant - Appellant.

**No. 05-4216**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TADASHI DEMETRIUS KEYES,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (CR-03-8)

Submitted: December 14, 2005        Decided: February 7, 2006

Before NIEMEYER, LUTTIG, and GREGORY, Circuit Judges.

No. 04-4839 affirmed; No. 05-4216 affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Robert A. Ratliff, SHIELDS, RATLIFF, GREEN & KERN, Mobile, Alabama; Darryl A. Parker, Richmond, Virginia, for Appellants. John L. Brownlee, United States Attorney, William F. Gould, Assistant United States Attorney, Charlottesville, Virginia; Thomas E. Booth, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gregory Antonio Bates Felton and Tadashi Demetrius Keyes were convicted of conspiracy to possess with intent to distribute 50 or more grams of cocaine base, in violation of 18 U.S.C. § 841 (a)(1) (2000) (Count One) and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000) (Count Four). Felton was also separately convicted of possession of a firearm in furtherance of a drug trafficking crime for which the death of a person was caused, which killing was a murder as defined in 18 U.S.C. § 1111 (2000) (Count Five). Felton was sentenced to two life terms, one on each of Counts One and Five, and a consecutive 120-month term of imprisonment on Count Four. Keyes was sentenced to life imprisonment on Count One and a consecutive 120-month term of imprisonment on Count Four. Felton and Keyes appeal their convictions and sentences.

### I.    Challenges to Convictions

Felton first argues that his right to a jury trial was denied, based on United States v. Booker, 125 S. Ct. 738 (2005), because his conviction was based on a constitutionally defective indictment. We find there was no violation of Felton's right to a jury trial because the indictment charged Felton with the use of a firearm during and in relation to a drug trafficking offense in the

course of which a killing that would constitute murder occurred, the district court instructed the jury on each of the elements of murder, and the jury found Felton guilty beyond a reasonable doubt. We therefore affirm Felton's convictions.

Keyes argues on appeal that there was insufficient evidence to support his convictions, because the evidence did not connect him to the drug trafficking organization. In reviewing a claim of insufficient evidence, the verdict must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is defined as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). The court reviews both direct and circumstantial evidence and permits "the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). In resolving issues of substantial evidence, this court does not weigh evidence or reassess the factfinder's assessment of witness credibility. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989); United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983); see also United States v. Sun, 278 F.3d

302, 313 (4th Cir. 2002).  Moreover, the uncorroborated testimony of one witness or an accomplice may be sufficient to sustain a conviction.  United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997).

To prove conspiracy under 21 U.S.C. § 841 (2000), the government must prove an agreement to violate a federal drug law, the defendant's knowledge of the conspiracy, and the defendant's willing participation.  United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001).  A defendant may be convicted of conspiracy without knowing all the conspiracy's details, as long as he joins the conspiracy understanding its unlawful nature and willfully joins in the plan on at least one occasion.  United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc).  Once the existence of a conspiracy is established, only a slight link between a defendant and the conspiracy is needed to support a conviction.  United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992).  The knowledge and participation elements of conspiracy may be shown by circumstantial evidence.  Strickland, 245 F.3d at 385.

Viewing the evidence in the light most favorable to the government, we conclude there was sufficient evidence from which a jury could reasonably infer there was a drug trafficking conspiracy, Keyes was a willing participant in that conspiracy, and Keyes possessed a firearm in furtherance of the conspiracy. Accordingly, we affirm Keyes' convictions.

## II.  Challenges to Sentences

Keyes argues that the district court's application of the murder cross-reference, pursuant to the U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(d)(1) (2003), and the enhancement for obstruction of justice violate his Sixth Amendment rights contrary to Booker because they were based on judicial fact-finding. Because Keyes objected below based on Blakely v. Washington, 542 U.S. 296 (2004), this claim is reviewed under harmless error analysis.  United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003).  The government bears the burden in harmless error review of showing beyond a reasonable doubt that the error did not affect the defendant's substantial rights.  Id. at 405.  Affecting substantial rights means that the error affected the outcome of the proceedings.  United States v. Stokes, 261 F.3d 496, 499 (4th Cir. 2001).

In Booker, the Supreme Court held that Blakely applied to the federal sentencing guidelines and that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment.  125 S. Ct. at 746, 750.  We find the district court erred in applying the murder cross-reference to Keyes' sentence, because the murder was not charged in the indictment or found by a jury beyond a reasonable doubt as to Keyes.  We further find that the application

of the enhancement for obstruction of justice was in error because it was based on judicial fact-finding. Moreover, we find the errors affected Keyes' substantial rights because the sentence imposed was longer than the term of imprisonment that the district court could have imposed based solely on the jury's findings. See United States v. Hughes, 401 F.3d 540, 548 (4th Cir. 2005). We therefore vacate Keyes' sentence and remand for resentencing.

Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

Felton similarly challenges the application of the murder cross-reference, pursuant to USSG § 2D1.1(d)(1), and the enhancement for obstruction of justice, arguing they violate Booker

- 7 -

because they were based on judicial fact-finding. We find that because the jury found the elements of murder beyond a reasonable doubt as to Felton, there was no Sixth Amendment error in the application of the murder cross-reference to Felton's sentence. We find the enhancement for obstruction of justice to Felton's sentence was in error because the enhancement was based on judicial fact-finding. However, because the application of the enhancement to Felton's sentence would not have lessened his guideline range of life imprisonment on Counts One and Five, or his mandatory minimum sentence of 10 years on Count Four, the error did not affect his substantial rights and was thus harmless. See Hughes, 401 F.3d at 548.

Finally, Felton argues that the drug amount attributed to him was erroneous because the amount was based on unreliable evidence and the district court erred in attributing the full 1.5 kilograms to Felton without determining whether the drug amount was reasonably foreseeable and within Felton's specific agreement in the offense. We find that because the murder cross-reference applies without regard to drug quantity, the amount of drugs attributed to Felton had no effect on his total offense level and resultant sentence. Accordingly, we affirm Felton's sentence.

In sum, we affirm Felton's convictions and sentences, affirm Keyes' convictions, and vacate and remand Keyes' sentence

for resentencing consistent with <u>Booker</u>.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 04-4839 <u>AFFIRMED</u><br>
No. 05-4216 <u>AFFIRMED IN PART,</u><br>
<u>VACATED IN PART, AND REMANDED</u>

---

[*]Just as we noted in <u>Hughes</u>, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Keyes' sentencing.