**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-5108

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TADASHI DEMETRIUS KEYES, a/k/a Calico,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (3:03-cr-00008-nkm-4)

Submitted: June 13, 2008                Decided: July 17, 2008

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Darryl A. Parker, Richmond, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Tadashi Demetrius Keyes of conspiracy to possess with intent to distribute fifty or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 1999 & Supp. 2008). Keyes was sentenced to a term of life imprisonment for the conspiracy offense and a consecutive 120-month term of imprisonment for the firearm offense. On appeal, we affirmed his convictions but vacated the sentence and remanded for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005). United States v. Keyes, 166 F. App'x 64, 67 (4th Cir. 2006) (Nos. 04-4839, 05-4216). At resentencing, the district court sentenced Keyes to an identical sentence. Finding no reversible error, we affirm.

Following Booker, we review a district court's imposition of sentence for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We must first ensure that the district court committed no procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.A.] § 3553(a) [(West 2000 & Supp. 2008)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain

- 2 -

the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597.

Keyes challenges the district court's application of the murder cross-reference in U.S. Sentencing Guidelines Manual §§ 2A1.1, 2D1.1(d)(1) (2003). Keyes informed Gregory Felton, a member of Keyes' drug conspiracy, that Gerald Michie had stolen some of their firearms. After a confrontation, Felton killed Michie. Keyes and Felton need not have specifically agreed to kill Michie in order for the murder cross-reference to apply to Keyes. It was necessary only that the murder was reasonably foreseeable to Keyes. See United States v. Montgomery, 262 F.3d 233, 250 (4th Cir. 2001). We conclude the district court did not err when it found Felton's actions in response to Keyes' information about the stolen firearms reasonably foreseeable to Keyes. We conclude the district court properly calculated the Guidelines range.

Next, we review the substantive reasonableness of the sentence. Gall, 128 S. Ct. at 597. As the sentence is within the advisory Guidelines range, we presume it is reasonable. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying presumption of correctness to within-Guidelines sentence); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness of within-Guidelines sentence). Because Keyes has not rebutted that presumption, we find the sentence imposed by the district court is reasonable.

Accordingly, we affirm Keyes' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED